■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT JOHNSON, Also Known as ROBERT DONALDSON, Appellant.—Judgment, Supreme Court, New York County, rendered on January 22, 1975, after trial before Cooper, J., and a jury, convicting defendant of two counts of possession of a weapon as a felony, unanimously modified, on the law, to the extent of reversing and vacating so much thereof as covers Indictment No. 2781/74, granting defendant's motion to suppress pertaining to that indictment and dismissing such indictment and remanding the defendant for resentencing on the remaining charge covered by Indictment No. 2960/74 and, as so modified, the judgment is affirmed. The incident, which is the subject of Indictment No. 2781, above mentioned, occurred on May 18, 1974. A motion to suppress a gun seized on that date was denied prior to the trial. The testimony at the hearing on the motion to suppress indicates that an officer assigned to the anticrime unit, while driving a taxicab, observed defendant standing in front of a building on West 114th Street, he "noticed that the defendant was making a reaching motion [he was] [t]aking his righthand reaching to the lefthand side of his body to the inside of his jacket approximately near the waistband of [his] trousers. He was moving his head from left to right and he stopped and he made a reaching motion again and he made a reaching motion from left to right again". The defendant's movements were "coordinated with his head. Everything was somewhat coordinated". It was based upon this observation that the officer concluded that the defendant possessed a gun, leading him to approach defendant with drawn revolver and shield in hand. After denial of the motion to suppress defendant was found guilty, after trial, of possessing such gun. Before the officer was justified in stopping defendant in a public place he was required to "have reasonable suspicion that such person is committing, has committed, or is about to commit a crime (CPL 140.50). Reasonable suspicion is the quantum of knowledge sufficient to induce an ordinarily prudent and cautious man under the circumstances to believe criminal activity is at hand. [citing authorities]" (People v Cantor, 36 NY2d 106, 112–113). As in the cited case, we believe that the present record "is barren of any objective evidence evincing criminal activity. * * * the events preceding the unlawful stop could not even be classified equivocal or suspicious". Accordingly, the motion to suppress, to the extent indicated, should have been granted. However, we do not agree with defendant that a new trial is required with respect to the conviction for possession of a shotgun on April 15, 1974 (Indictment No. 2960 of 1974). The proof of such crime was overwhelming in nature and was not prejudicially tainted by the introduction into evidence of the gun seized on May 18. Concur—Lupiano, J. P., Capozzoli, Lane, Markewich and Lynch, JJ.